# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 10, 2014

149201 & (137)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

HASTINGS MUTUAL INSURANCE
COMPANY,
        Plaintiff/Counter-Defendant/
        Appellee/Cross-Appellant,

v

MOSHER DOLAN CATALDO &
KELLY, INC.,
        Defendant/Counter-Plaintiff/
        Appellant/Cross-Appellee,

and

LISA FEINBLOOM and DAVID
FEINBLOOM,
        Defendants.

SC: 149201
COA: 296791
Oakland CC: 2004-056508-CK

_____/

On order of the Court, the application for leave to appeal the January 23, 2014 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered. Pursuant to MCR 7.302(H)(1), in lieu of granting the application for leave to appeal, we REVERSE the judgment of the Court of Appeals. The Court of Appeals erred in holding that plaintiff Hastings Mutual Insurance Company ("Hastings Mutual") did not have a duty to defend defendant Mosher Dolan Cataldo & Kelly, Inc. ("Mosher Dolan") in the underlying arbitration case. The duty to defend is broader than the duty to indemnify. *American Bumper and Mfg Co v Hartford Fire Ins Co*, 452 Mich 440, 450 (1996). An insurer has a duty to defend, despite theories of liability asserted against the insured that are not covered under the policy, if there are any theories of recovery that fall within the policy. *Id.* at 451. In this case, the claimants in the underlying arbitration case alleged water damage to personal property that was not excluded from coverage by any of the exclusions in Hastings Mutual's policy. Therefore, although the Fungi Exclusion excluded coverage for some of the claims asserted in the underlying arbitration case, Hastings Mutual had a duty to defend Mosher Dolan. And,

because Hastings Mutual had a duty to defend, it is not entitled to restitution. We REMAND this case to the Oakland Circuit Court for further proceedings consistent with this order and the February 14, 2013 judgment of the Court of Appeals (Court of Appeals Docket No. 296791). The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 10, 2014



Clerk

h1203